[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal by the plaintiff Gladys Maisonette from a decision of the defendant Norwalk Zoning Board of Appeals purportedly upholding certain rulings of the Norwalk Zoning Enforcement Officer General Statutes 8-6(1))[1]; Norwalk Building Zone Regulations 118-1410(A)(1).
The plaintiff owns a one-family house on East Avenue in Norwalk in the B residence zone, which property is the subject matter of this appeal. Hence the plaintiff is found to be aggrieved for the purpose of pursuing this action. General Statutes 8-8(a); Bossert v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968).
The zoning enforcement officer issued a cease and desist order claiming that the plaintiff was conducting a beautician operation in her home, which use was not CT Page 4910 permitted in the B residence zone. The order also indicated that Mrs. Maisonette lacked a sufficient number of off-street parking slots.
The plaintiff then appealed to the defendant Board of Appeals pursuant to General Statutes 8-7, asking it to reverse the order that a beautician shop was not permitted on the premises, and the plaintiff also sought a variance of the off-street parking requirements.
The defendant held a public hearing and later purportedly affirmed the zoning enforcement officer's order regarding the beautician's shop, but did not consider the plaintiff's application for a variance regarding off-street parking, presumably on the theory that this request was moot since Mrs. Maisonette would not be permitted to conduct a beautician operation in her home.[2]
The record is clear, however, that approximately one week before the public hearing, a report was issued by the zoning enforcement office that as a result of further investigation it had been determined that the plaintiff Maisonette was not conducting a beautician operation in her home, but rather was acting as a manicurist, a use which was deemed to be a permitted use in the zone.[3]
The affidavit of Attorney Zullo, plaintiff's counsel, indicates that on the occasion of the public hearing he withdrew his appeal of the cease and desist order on the ground that it was moot since the zoning enforcement office had approved Mrs. Maisonette's use of the premises as a manicurist. It follows therefore that since the defendant under General Statutes 8-6(1) only may "hear and decide appeals", there was in fact no longer any appeal by Mrs. Maisonette or anyone else for the defendant to act upon.
The zoning board should have heard the request for a parking variance without first considering the operation of a beautician shop, the order concerning which had been in effect withdrawn and was not before the defendant board.
Accordingly, the appeal is sustained and this case is remanded to the defendant Zoning Board of Appeals in order to consider the plaintiff's application for a variance of the city's off-street parking requirements in connection with her use of the premises as a manicurist.
So Ordered.
Dated at Stamford, Connecticut this 20th day of CT Page 4911 December, 1990.
STANLEY NOVACK, JUDGE JUDGE OF THE SUPERIOR COURT